UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **DAVID RUSSELL,** | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Case No. 3:24-cv-3240-SEM-EIL |
| | ) |
| **LATOYA HUGHES, et al.,** | ) |
|     Defendants. | ) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* David Russell has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983, which is now before the Court for screening. Plaintiff's Complaint may proceed on a deliberate indifference claim against Defendant Adesanya, but the remaining Defendants are dismissed. Plaintiff has also filed a Motion to Request Counsel (Doc. 5), which is denied without prejudice.

### I. COMPLAINT

#### A. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be

granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Facts Alleged

At all times relevant to his Complaint, Plaintiff was an inmate within the Illinois Department of Corrections ("IDOC") at Graham Correctional Center ("Graham"). Plaintiff's Complaint names as Defendants IDOC Director LaToya Hughes, Graham Warden Steven Campbell, Health Care Unit Administrator ("HCUA") Stephanie Howard, Physicians Assistant ("PA") Timothy Adesanya, Dr. S. Cole, and Medical Director L. Emerick.

Plaintiff alleges that on March 21, 2024, he injured his left pinky finger, which immediately caused swelling, loss of mobility, and excruciating pain. Plaintiff was taken to the Health Care Unit ("HCU") where he was seen by Defendant Adesanya. Without any

testing to determine a diagnosis, Defendant Adesanya manipulated Plaintiff's pinky, causing extreme pain, and then constructed a makeshift splint out of a plastic utensil.  Defendant Adesanya told Plaintiff that an x-ray was scheduled for March 25, after which a follow-up appointment would be scheduled.

Plaintiff was not seen for a follow-up appointment.  He submitted numerous sick call requests to be seen in the HCU, on March 27, April 1, and April 7, 2024.  He continued to suffer from pain, swelling, and loss of mobility in his injured finger.

On April 11, 2024, Plaintiff saw Defendant Adesanya for a previously scheduled appointment regarding a prior back injury. During the appointment, Plaintiff complained that he had not received his x-ray results or further treatment for his finger. Defendant Adesanya reviewed the March 25 x-ray and told Plaintiff that the x-ray only showed Plaintiff's left hand without his injured pinky finger.  Plaintiff was told that a second x-ray would be scheduled for April 15, 2024.

On April 30, 2024, Plaintiff was called to the HCU to turn in his makeshift splint.  Plaintiff complained to Defendant Adesanya

that he was still experiencing severe pain and swelling, as well as loss of mobility.

Plaintiff filed a grievance which he marked as an emergency grievance, but Defendant Campbell denied that the grievance was an emergency. Defendant Howard later responded to the grievance, stating that all treatment was appropriate and allegedly refusing to refer Plaintiff to further treatment. Plaintiff also alleges that Defendant Emerick was informed about Plaintiff's injury and refused to authorize an MRI of Plaintiff's finger.

Plaintiff continued to submit sick call requests. In June, Plaintiff was seen by Defendant Cole, who reissued a splint for Plaintiff's finger and prescribed Mobic for swelling. Defendant Cole told Plaintiff that she would follow up with him in six weeks, but Plaintiff alleges that follow-up appointment did not occur. He has continued to submit sick call requests because he still suffers pain, loss of mobility, and disfigurement of his finger.

**C. Analysis**

In order to state an Eighth Amendment claim of deliberate indifference to a serious medical need, a complaint must adequately allege that (1) the plaintiff had an objectively serious medical need,

and (2) the defendant was deliberately indifferent to that need. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

Plaintiff has adequately alleged that he suffered from a serious medical condition because his finger injury caused him severe pain and because he lost mobility and use of that finger. Defendant Adesanya was aware of Plaintiff's need for care but provided Plaintiff only with a "makeshift" splint, which he removed even when Plaintiff still had significant swelling, pain, and loss of mobility. Plaintiff may, therefore, proceed on a deliberate indifference claim against Defendant Adesanya.

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Supervisory prison staff can, therefore, only be held liable for deliberate indifference if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue University*, 928 F.3d 652, 664 (7th Cir. 2019). In addition, the denial or mishandling of a grievance does not, in itself, amount to a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953

(7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

Plaintiff's Complaint does not allege that Defendant Hughes had any knowledge of his injury. She may not be held liable simply because she is in a supervisory position as Director of IDOC.

Plaintiff alleges that Defendant Campbell deemed his grievance a non-emergency and that Defendant Howard later responded that Plaintiff had been treated appropriately. As indicated above, Plaintiff may not bring a claim against Defendants based only on their denial or alleged mishandling of a grievance. *Owens*, 635 F.3d at 953.

Plaintiff's only allegation against Defendant Cole is that, after she properly reissued him a splint and prescribed medication for his swelling, he did not actually see her for a six-week follow-up appointment as she had ordered. While Plaintiff alleges the follow-up appointment did not occur, he does not allege that Defendant Cole deliberately failed to schedule the appointment, refused to see him, or cancelled the appointment. *Cf. Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (deliberate indifference is "something

approaching a total unconcern for [the plaintiff's] welfare"). Even liberally construing the facts in Plaintiff's favor at this stage, it is not clear who Plaintiff is alleging was responsible for the lack of follow-up scheduling.

Finally, Plaintiff alleges that Defendant Emerick did not approve an MRI. But "[a]n MRI is simply a diagnostic tool, and the decision to forego diagnostic tests is 'a classic example of a matter for medical judgment'" that does not implicate the Eighth Amendment's right to be free from cruel and unusual punishment. *Pyles v. Fahim*, 771 F.3d 403, 411 (7th Cir. 2014), *quoting Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Therefore, Plaintiff may not proceed on a claim against Defendant Emerick.

## II. REQUEST FOR COUNSEL

Plaintiff has also filed a Motion to Request Counsel (Doc. 5).

A pro se litigant has no right to counsel in a civil case. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). However, the federal statute authorizing in forma pauperis status provides a court "may request an attorney to represent any person unable to afford counsel." See 28 U.S.C. 1915(e)(1). A court does not have the

authority to require an attorney to accept pro bono appointments in civil cases. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).

When considering a request for counsel by a pro se litigant the Court undertakes a two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

As to the first inquiry, plaintiffs normally make this showing by filing copies of letters sent to several attorneys seeking assistance, along with copies of the responses they received from the attorneys they contacted. In his Motion, Plaintiff has listed four law firms that he has contacted in writing, and he attaches as an exhibit the letter that he sent to each, requesting representation in this case. Plaintiff has been unsuccessful in obtaining representation from any of these firms. The Court finds that Plaintiff has satisfied this first, threshold requirement.

Turning to the second requirement, the Court must consider "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently

present it to the judge or jury himself." *Pruitt*, 503 F.3d at 655. This inquiry must be a "practical one, made in light of whatever relevant evidence is available on the question." *Id.* The court should take account of all evidence in the record relevant to the plaintiff's ability to litigate. *Navejar*, 728 F.3d at 696. Such evidence may include any physical, intellectual, or psychological limitations the plaintiff may have and the practical problems the plaintiff may encounter in gathering evidence from individuals employed by an institution where he is no longer housed. *Navejar*, 718 F.3d at 698.

In his Motion, Plaintiff attests that he has completed only grammar school. He also requests counsel because this case involves medical issues and the state of mind of the defendants (i.e., deliberate indifference).

Plaintiff's Complaint was detailed and contained specific dates regarding medical appointments, tests, and medications. Plaintiff clearly has knowledge of the relevant facts at issue, as well as access to various relevant records, including grievance records, which he attached as exhibits to his Complaint. The Court also finds that Plaintiff was able to communicate the alleged facts

contained in his Complaint in a clear, organized manner. In addition, while Plaintiff's deliberate indifference claim involves medical issues, the nature of the particular injury, and the symptoms are not overly complex and Plaintiff's claim is proceeding against only one Defendant.

Recruiting pro bono counsel in this District is difficult, as the need far exceeds the supply. *McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020) ("District courts are thus inevitably in the business of rationing a limited supply of free lawyer time."). Although "[a]lmost everyone would benefit from having a lawyer, [] there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (internal quotation omitted); *Mejia v. Pfister*, 2021 WL 647085, * 4 (7th Cir. Feb. 19, 2021) ("For its part, the district court found itself having to [choose] how best to allocate scarce resources, for it remains the sad reality that there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.") (internal quotation omitted).

Assistance in recruiting counsel is appropriate only where the plaintiff shows his case is one of those few in which it appears from

the record the legal and factual difficulty exceeds his ability to prosecute. *Pruitt*, 503 F.3d at 654-55. This question is different from whether a lawyer might do a better job. *Id.*

Upon a full review of the record before it at this time, the Court finds Plaintiff is able to represent himself at this stage of the case. Plaintiff's Motion (Doc. 5) is DENIED without prejudice. Plaintiff may renew the request should his circumstances change, at a later stage of litigation.

**IT IS THEREFORE ORDERED:**

1) **According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment deliberate indifference claim against Defendant Adesanya. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15. The Clerk is therefore directed to DISMISS LaToya Hughes, Steven Campbell, Stephanie Howard, Dr. Cole, and Dr. Emerick as Defendants.**

2) **Plaintiff's Motion to Request Counsel [5] is DENIED without prejudice.**

3) **Plaintiff's Motions for Status [6], [11] are MOOT.**

4) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff**

need not submit evidence to the Court unless otherwise directed by the Court.

5) The Court will attempt service on Defendant by mailing waivers of service. Defendant has sixty days from service to file an Answer. If a Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth a Defendant's positions. The Court does not rule on the merits of those positions unless and until a Defendant files a motion. Therefore, no response to an Answer is necessary or will be considered.

8) This District uses electronic filing, which means that, after Defendant's counsel have filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendant's counsel. However, this does not apply to discovery requests and responses. Discovery

requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel have filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Defendant's counsel is granted leave to depose Plaintiff. Defendant's counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in her mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require the Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

13) The Court directs the Clerk to attempt service on Defendant under the standard procedures.

ENTERED May 6th, 2025.

s/ *Sue E. Myerscough*

_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE